## In re BOWERS.

### (District Court, N. D. Georgia.  June 6, 1914.)

#### No. 386.

BANKRUPTCY (§ 54*)—INSOLVENCY—INDEBTEDNESS AS SURETY OR INDORSER.

 In determining the question of insolvency of an alleged bankrupt, the liability as surety or indorser of a solvent principal, who is abundantly able to pay, is not to be counted as a liability of the bankrupt, since, if he was called upon to pay the debt, he would immediately have an asset which would be equal to the amount he was required to pay.

 [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 54, 84, 85; Dec. Dig. § 54.*]

In Bankruptcy.  In the matter of bankruptcy proceedings against D. T. Bowers, alleged bankrupt.  Adjudication denied.

H. W. Dent, of Atlanta, Ga., and Cobb & Erwin, of Athens, Ga., for petitioning creditors.

A. G. & J. B. McCurry, of Hartwell, Ga., and Stephen C. Upson, of Athens, Ga., for bankrupt.

NEWMAN, District Judge.  A petition in bankruptcy was filed against D. T. Bowers, the alleged bankrupt, and he denied insolvency and the commission of the acts of bankruptcy.  The question thus made between the petitioning creditors, alleging insolvency and the commission of acts of bankruptcy, and the denial by the bankrupt that he is either insolvent or guilty of the acts of bankruptcy, was referred to Horace M. Holden, Esq., as special master.

Judge Holden has made his report, in which he finds that the bankrupt had property at the time of the filing of the petition in bankruptcy amounting to $17,044, and liabilities of $16,072.27.  Judge Holden excludes from the indebtedness of the alleged bankrupt certain alleged claims against him as surety or indorser, holding that they should not be considered or counted in finding the aggregate of his indebtedness.  On that subject he says this:

"I find that the principal obligors on all obligations outstanding on February 20, 1913, on which D. T. Bowers was surety or indorser, were solvent, and had property, respectively, amply sufficient to discharge said obligations; and it does not appear that at that time there were any facts or circumstances indicating that collection of the amounts of said obligations that had then matured could not then be enforced out of the property, respectively, of the principal obligors, or that collection of the amount of said obligations of the amounts not due on February 20, 1913, could not be enforced out of the property, respectively, of the principal obligors when said obligations respectively matured.  I find that a debt outstanding on February 20, 1913, for which D. T. Bowers was only liable as surety or indorser, should not be considered as a liability against him in determining the question as to whether or not he was solvent on February 20, 1913, where the principal obligor of said debt was then solvent and had property amply sufficient to pay said debt, and it does not appear that at that time there were any facts or circumstances indicating that collection of the amounts of said obligations that had not matured then could not then be enforced out of property, respectively, of the principal obligor, or that collection of the amount of said obligations of amounts not due on February 20, 1913, could not be enforced out of the property, respectively,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the principal obligors when said obligations respectively matured. Should one pay the amount of a debt on which he was surety or indorser when the principal obligor was solvent, there would at once come into existence an available asset of the surety or indorser paying the debt equal to the amount thereof, by reason of the right of such surety or indorser to collect out of the principal obligor the amount of the latter's debt paid by the surety or indorser."

There is no controversy as to the facts in the case on the part of the petitioning creditors, who are excepting here to the report of the special master, who found the alleged bankrupt to be solvent. The main question is the correctness of the special master's finding that where a man was surety or indorser for another, who was perfectly solvent and amply able to pay the debt, and no circumstances indicating that the collection of the debt could not be enforced against the principal debtor, such debts should not be counted against him in deciding the question of his solvency or insolvency. I think the decision of the special master is right. Finding the facts as he did, that the principal obligors were amply able to pay the debts for which they were liable as principals, it follows, of course, that if the alleged bankrupt, D. T. Bowers, had been compelled to pay such debts, a right would have arisen at once on his part to collect the same from the principals, so that, on the facts found by the special master, he would be in no worse position, even if he was required, as surety or indorser, to pay these debts, than he was before.

I place my decision in the case distinctly upon the ground that the liability of a person as surety or indorser, if the principal is solvent and abundantly able to pay, is not such a liability as could be counted against him on the question of his solvency or insolvency, because, if called on to pay such debt, he would immediately have an asset which would be equal to the amount he would be required to pay.

In my opinion, the special master decided the case correctly, and the judgment should be, and is hereby, approved and confirmed.